**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YANIRA MARITZA RAMIREZ FLORES, AKA Paz Oralia Moreno De Cuevas, AKA Yanira Maritza Ramirez-Vazquez, | No. 08-71029 |
| | Agency No. A098-805-757 |
| Petitioner, | MEMORANDUM[*] |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Yanira Maritza Ramirez Flores, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing her appeal from

an immigration judge's decision denying her application for asylum, withholding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of Ramirez's CAT claim because Ramirez failed to show it is more likely than not that she will be tortured with the acquiescence of the El Salvadoran government if returned to El Salvador. *See id.* at 748. Accordingly, we deny the petition as to Ramirez's CAT claim.

We reject Ramirez's claim that she is eligible for asylum and withholding of removal based on her anti-gang political opinion or membership in a particular social group of individuals who oppose the criminal acts of gangs. *See id*. at 745-46 (rejecting as a particular social group "young men in El Salvador resisting gang violence," and holding that general aversion to gangs is not a political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). However, in finding Ramirez was not targeted because she is a woman, the agency did not have the benefit of our intervening decision in *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010) (remanding for the agency to determine "whether women in Guatemala constitute a particular

social group, and, if so, whether [petitioner] has demonstrated a fear of persecution" on account of her membership in a protected group). We remand for the BIA to assess Ramirez's asylum and withholding of removal claims in light of *Perdomo* in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**